UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>             Plaintiff,<br><br>    v.<br><br>JD HOME RENTALS, et al.,<br><br>             Defendants. | Case No. 1:22-cv-00251-DAD-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE<br><br><u>ORDER DENYING MOTION TO DISQUALIFY</u><br><br>(Doc. 4) |

On March 1, 2022, Plaintiff Phillip Sanders, proceeding *pro se* and *in forma pauperis*, filed a complaint. (Docs. 1, 3). Upon review of the complaint, the Court concludes that the complaint fails to state any cognizable claims. Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and

have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Plaintiff also filed a motion to disqualify the presiding district judge, the Honorable Dale A. Drozd, from this matter on March 10, 2022. (Doc. 4.) For the reasons set forth below, the motion to disqualify will be denied.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual

and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using a general complaint form. (Doc. 1.) The complaint lists six defendants: JD Home Rentals, Bryce Hovannisian, Lindsay Bedrosian[1], Lance Armo (erroneously named as "Lance Armor"), R. Lopez, and Vanessa Hernandez. (*Id.* at 2–3, 7.) Plaintiff alleges that: Hovannisian and Bedrosian are the owner and vice president of operations of JD Home Rentals, respectively; Armo is the attorney for JD Home Rentals; Lopez is a deputy clerk for the Fresno Superior Court, Civil Limited Division; and Hernandez is a process server. (*Id.*)

Plaintiff's claims arise from an unlawful detainer action filed against Plaintiff by JD Home Rentals: "Case revolves around the constitutional due process right to be properly served an unlawful detainer eviction notice prior to eviction[.]" (Doc. 1 at 6, 15.) Plaintiff obtained a property at 347 W. Almy Avenue in Fresno, California (the "Property'), in 1986. (*Id.* at 6.) On March 11, 2019, Plaintiff lost the Property when JD Home Rentals bought it at a tax sale. (*Id.*) On March 15, 2019, Armo, on behalf of JD Home Rentals, filed an unlawful detainer complaint against Plaintiff in the Fresno County Superior Court, and Plaintiff was subsequently evicted. (*Id.* at 6, 11.)

Plaintiff alleges that the eviction proceedings against him were deficient, and that it was unlawful for JD Home Rentals to file an eviction claim against him to prior to the recording of the

---

[1] In another part of the complaint, this defendant's name is spelled as "Linday Bedrodia." (*See* Doc. 1 at 2.)

deed of purchase on April 24, 2019. (Doc. 1 at 6.) The unlawful detainer action against Plaintiff was filed using a Judicial Council of California form complaint. (*Id.* at 11.) The bottom of the form complaint includes the following note: "Do not use this form for evictions after sale (Code Civ. Proc., § 1161a)." (*Id.*) Deputy Clerk Lopez docketed the complaint, despite the fact that the complaint form should not have been used. (*Id.*) According to Plaintiff, Hernandez claimed to serve Plaintiff by substitute service, leaving the relevant court documents with an unidentified co-resident. (*Id.* at 8.) Plaintiff, however, alleges that he "had no roommates only 1 party had registered [sic] mail at address of alleged syb sreves [sic]." (*Id.*)

One of the attachments to Plaintiff's complaint is a portion of an opinion from the Appellate Division of the Fresno County Superior Court, filed on January 8, 2020, related to the unlawful detainer action against him. (Doc. 1 at 15–16.) The introduction of the opinion states, in relevant part:

> This is an unlawful detainer action in which Plaintiff and Respondent J.D. Home Rentals obtained a writ of possession following entry of default judgment against defendant Phillip Sanchez. The appeal is filed by Phillip Sanders, who appears to have been misidentified in Respondent's filings as Sanchez. Appellant appeals denial of his Claim of Right to Possession based on a variety of grounds.

(*Id.* at 15.) The Appellate Division appeared to agree with Plaintiff's claim that the unlawful detainer complaint was defective, based on the improper use of the Judicial Council form complaint, and found that the error "require[d] reversal." (*Id.* at 15–16.)

Plaintiff's complaint indicates he is asserting claims for the deprivation of his constitutional rights under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 1 at 3–4.) Plaintiff also asserts various state law claims, including fraud, perjury, criminal conspiracy, Cal. Pen. Code § 182, and filing false documents, Cal. Pen. Code § 115. (*Id.* at 4, 6–8.) As a result of Defendants' actions, Plaintiff alleges he suffered emotional distress, mental anguish, loss of personal items, and disruption in medical treatment. (*Id.* at 8.) Plaintiff also had to pay storage fees and for room and board. (*Id.*) Plaintiff requests $250,000 in damages per defendant or the "max damages [the] court can impose." (*Id.* at 9.)

### III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any

cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.      Section 1983**

Plaintiff's complaint alleges claims under Section 1983 for violations of his Fourth and Fourteenth Amendment rights. (Doc. 1 at 6–7.) Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

                1.      <u>Statute of Limitations</u>

"A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *accord Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Section 1983 does not contain a specific statute of limitations, but "federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)).

Federal civil rights claims are best characterized as personal injury actions, which are subject to California's two-year statute of limitations along with any applicable tolling. *Thompson*

*v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1023 (E.D. Cal. 2004) ("[T]he Ninth Circuit has repeatedly held that the applicable limitations period for § 1983 actions is contained in the general personal injury statute."); *Garrison v. Bautista*, No. 2:13–cv–0479–JAM–KJN, 2015 WL 9268691, at *1 (E.D. Cal. Dec. 21, 2015) ("Under California law, as of January 1, 2003, the generally-applicable statute of limitations in personal injury actions is two years.") (citing Cal. Code Civ. P. § 335.1). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

Here, the events that form the basis of Plaintiff's complaint occurred in mid-to-late March 2019. (Doc. 1 at 6, 8, 11, 14.) The deadline to file a Section 1983 claim based on those events was March 2021. The instant complaint, however, was not filed until March 1, 2022, almost a year after the statute of limitations expired. Therefore, Plaintiff's claims are time-barred.

Furthermore, the complaint, as pleaded, does not support equitably tolling the statute of limitations. "Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

Over three years have now elapsed since Plaintiff's eviction from the Property. Plaintiff's allegations indicate he was present at the events upon which his claims are based and knew of his injuries at the time they occurred, and he has not alleged any facts indicating he is entitled to equitable tolling.

### 2. Elements of a Section 1983 Claim

Even assuming that Plaintiff's Section 1983 claims are not time-barred, those claims have not been adequately pleaded in the complaint. To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of rights secured

by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). With regard to the first element, private parties are not generally acting under color of state law for the purposes of section 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982)).

There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937. "The Supreme Court has articulated four tests to determine whether a non-governmental person's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citation omitted). The "most relevant" of these are the "public function" and "joint action tests," as these tests "largely subsume" the other two. *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 995 & n.13 (9th Cir. 2013).

Under the "public function test," private individuals or entities may be deemed state actors for purposes of section 1983 when they perform a public function that has been "traditionally the *exclusive* prerogative of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (citations and quotation marks omitted) (emphasis added in *Rendell-Baker*). "That a private entity performs a function which serves the public does not make its acts state action." *Id.* Under the joint action test, a private individual may be liable as a state actor under section 1983 if he or she was part of a conspiracy or was a "willful participant in joint action" with a state actor that caused the constitutional violation. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th

Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin*, 312 F.3d at 445. "The Ninth Circuit requires a 'substantial degree of cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F. Supp. 2d 1041, 1046 (D. Haw. 2007) (quoting *Franklin*, 312 F.3d at 445).

As for the second element, a person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Id.* at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### a. Private Defendants

To the extent Plaintiff is asserting Section 1983 claims against Defendants JD Home Rentals, Hovannisian (owner of JD Home Rentals), Bedrosian (vice president of operations at JD Home Rentals), Armo (attorney for JD Home Rentals), and Hernandez (process server), these defendants are private parties, and the complaint has not alleged any facts, much less sufficient facts, that their conduct is fairly attributable to the government. Accordingly, Plaintiff has failed to state cognizable Section 1983 claims against those defendants.

        *b.*      *Defendant Lopez*

To the extent Plaintiff is asserting a Section 1983 claim against Deputy Clerk Lopez for "filing non-operational or defective court documents," i.e., the unlawful detainer complaint, that claim is barred. (*See* Doc. 1 at 4, 7.) "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986)). "The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process." *Mullis*, 828 F.2d at 1390 (citations omitted).

      3.      <u>State Law Claims</u>

The complaint also purports to assert state law claims for fraud, perjury, criminal conspiracy, and filing false documents. (Doc. 1 at 4, 7– 8.) Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff first must have a cognizable claim for relief under federal law, which, for the reasons explained above, he does not. *See* 28 U.S.C. § 1367. Accordingly, the Court will not address the viability of Plaintiff's state law claims.[2]

**B.**    **Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so he can provide additional factual allegations. *Lopez*, 203 F.3d at 1126–30.

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ.

---

[2] The Court, however, observes that perjury, criminal conspiracy, and filing false documents, are all criminal offenses, for which there are no private causes of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); *see also Willis v. City of Los Angeles*, 57 F. App'x 283, 289 (9th Cir. 2002) (holding perjury and filing false police reports do not create private rights of action).

P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.* 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading. *See* E.D. Cal. L.R. 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice as how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.

## IV. MOTION TO DISQUALIFY

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Section 144 requires a judge to recuse himself or herself if a party files an affidavit that is: (1) timely; (2) accompanied by a certificate of counsel of record stating that it was made in good faith; and (3) sufficient in its allegation that the judge has a "personal bias or prejudice" against the movant. 28 U.S.C. § 144. In pertinent part, Section 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it was made in good

faith.

*Id.* Recusal is required under 28 U.S.C. § 144 only where the prejudice or bias of the judge is both personal and extra-judicial. *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979). In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]" *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).

Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Otherwise, a judge could recuse oneself "for any reason or no reason at all; [judges] could pick and choose [their] cases, abandoning those that [they] find difficult, distasteful, inconvenient or just plain boring." *Id.* at 912. In the absence of a legitimate reason to disqualify oneself, "a judge should participate in cases assigned." *Id.* (citations omitted).

The test for personal bias or prejudice under Sections 144 and 455 are identical, and the same standard is applied to both sections. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Holland*, 519 F.3d at 913; *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " *Holland*, 519 F.3d at 913.

As an initial matter, the undersigned observes that Plaintiff has failed to file either an affidavit or certificate of good faith in support of his motion to disqualify, as required by section 144. *See Villery v. Jones*, No. 1:15–CV–1360–DAD–HBK, 2021 WL 5280933, at *3 (E.D. Cal. Nov. 12, 2021) ("A motion for recusal must be accompanied 'by *both* a factual affidavit and a

separate certificate that the affidavit was made in good faith.'") (quoting *James v. District of Columbia*, 191 F. Supp. 2d 44, 47 (D.D.C. 2002)).  In any event, Plaintiff's motion to disqualify is without merit.  Plaintiff asserts that Judge Drozd should be disqualified for prejudice and bias based on Judge Drozd's denial of leave to file a second amended complaint in another action filed by Plaintiff.  (*See* Doc. 4.)  A judge's previous adverse ruling alone, however, is not sufficient for recusal, as the prejudice suffered must result from an extrajudicial source.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").  Accordingly, Plaintiff has failed to demonstrate an adequate basis for recusal, and the motion to disqualify Judge Drozd will be denied.

## V.  ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to disqualify District Judge Dale A. Drozd (Doc. 4) is DENIED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on this complaint;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00251-DAD-SKO; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 7, 2022**                         /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE