UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>             Plaintiff,<br><br>    v.<br><br>JD HOME RENTALS, et al.,<br><br>             Defendants. | Case No. 1:22-cv-00251-ADA-SKO<br><br><u>SECOND SCREENING ORDER</u><br><br>ORDER FINDING PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE FEDERAL CLAIM AND GRANTING LEAVE TO AMEND<br><br>(Doc. 6)<br><br>THIRTY-DAY DEADLINE |

On March 1, 2022, Plaintiff Phillip Sanders, proceeding *pro se* and *in forma pauperis*, filed a complaint. (Docs. 1, 3). On June 8, 2022, the Court screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 6.) On July 8, 2022, Plaintiff filed an amended complaint. (Doc. 6.)

After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has failed to state a claim under 42 U.S.C. § 1983. In the amended complaint, Plaintiff has also added claims for violations of 42

U.S.C. §§ 1981, 1985, and 1988, which are not sufficiently pleaded.  Given Plaintiff's *pro se* status, Plaintiff is granted **one final opportunity** to file an amended complaint to cure, to the extent possible, the identified deficiencies.  Plaintiff is once again provided the pleading requirements and legal standards under which his claim in a second amended complaint will be analyzed.

## I.     SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice

of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's amended complaint lists six defendants: JD Home Rentals, Bryce D. Hovannisian, Lindsay Bedrosian, Lance Armo (erroneously named as "Lance Armor"), and Vanessa Hernandez (collectively, "Defendants"). (Doc. 6.) Plaintiff alleges that: Hovannisian and Bedrosian are the owner and vice president of operations of JD Home Rentals, respectively; Armo is the attorney for JD Home Rentals; and Hernandez is a process server. (*Id.* at 2, 6.)

In describing the nature of the instant action, Plaintiff alleges that "[t]his civil rights lawsuit seeks monetary tort and punitive relief to remedy damages for [D]efendants['] unconstitutional business practices[,] fraud[,] perjury[,] and conspiracy to commit fraud that led to civil rights violations[,] particularly 14th [A]mendment due process violation[.]" (Doc. 6 at 1.) Plaintiff's claims arise from an "illegal eviction where [D]efendants fabricated a fraudulent unlawful detainer complaint [and] had Plaintiff illegally evicted without a deed or property title rights to be the owner or landlord to hire anyone as a property management company[.]" (*Id.*)

Plaintiff obtained the property at issue in 1986. (Doc. 6 at 5.) On March 11, 2019, Plaintiff lost the property when JD Home Rentals bought it at a tax sale. (*Id.*) On March 15, 2019, one month before the deed of purchase was recorded and before JD Home Rentals "had title or deed rights," Armo, on behalf of JD Home Rentals, filed a "fraudulent fabricated unlawful detainer" complaint against Plaintiff in the Fresno County Superior Court. (*Id.*) Plaintiff alleges

1  the complaint contained false information, indicating that he had entered into an oral agreement
2  with JD Home Rentals the day before the tax sale, which Plaintiff claims never occurred.  (*Id.*)
3  Additionally, the wrong unlawful detainer complaint form was used.  (*Id.* at 2.)  The complaint
4  was verified by Bedrosian.  (*Id.* at 6.)  According to Plaintiff, Hernandez claimed to serve
5  Plaintiff by substitute service, leaving the relevant court documents with a third-party roommate,
6  but Plaintiff alleges that he had no roommates.  (*Id.*)  Plaintiff was subsequently evicted from the
7  property and "rendered homeless with no food or shelter[.]" (*Id.* at 3.)

   Based on these events, Plaintiff asserts claims for the deprivation of his constitutional
   rights under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, in addition to
   claims under 42 U.S.C. §§ 1981, 1985, and 1988.  (Doc. 6 at 8–9.)  Plaintiff also asserts state law
   claims for fraud and perjury.  (*Id.* at 9.)  Plaintiff requests $500,000 in damages per defendant.
   (*Id.*)

### III.   DISCUSSION

   For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file a second amended complaint to correct the identified deficiencies.

   **A.   The Amended Complaint Fails to State a Cognizable Federal Claim**

   1.   <u>42 U.S.C. § 1983</u>

   Plaintiff's complaint alleges claims under 42 U.S.C. § 1983 ("Section 1983") for violations of his Fourth and Fourteenth Amendment rights.  (Doc. 6 at 2, 4.)  As Plaintiff was advised in the First Screening Order (Doc. 5), to state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  With regard to the first element, private parties are not generally acting under color of state law for the purposes of Section 1983.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of

individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982)). There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937.

Here, Defendants are all private parties, and, as in the initial complaint, Plaintiff fails to allege facts to support a finding that any defendant has acted such that their conduct is fairly attributable to the government. Plaintiff cannot base his Section 1983 claim on Defendants' unlawful detainer action. *See Hoffman v. Indymac Bank FSB*, No. C-10-0802 MMC, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31, 2010) (noting that the filing of an unlawful detainer action, as a matter of law, does not constitute state action); *Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *4 (N.D. Cal. Apr. 25, 2012) ("an unlawful detainer suit does not constitute state action for purposes of Section 1983"). Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim.

2. <u>42 U.S.C. § 1981</u>

42 U.S.C. § 1981 ("Section 1981") provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a claim under Section 1981, a complaint must establish that: (1) the plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011); *see generally Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Section 1981 "can be violated only be purposeful discrimination," *General Bldg. Contractors Ass'n Inc. v. Pennsylvania*, 458 U.S.

375, 391 (1982), and a plaintiff must plausibly allege "intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). The complaint must set forth "overt acts" of discrimination and contain facts to establish that the defendant's conduct was motivated by racial animus. *Id.* at 1345. A complaint must allege a "direct connection" between a defendant's actions and the claimed discrimination. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against by any named defendant due to his race. The amended complaint merely alleges that Plaintiff believes he was "conspired [against] because [he] is black." This is insufficient to support that Defendants' conduct was motivated by racial animus. Plaintiff has thus not stated a cognizable claim for violation of Section 1981.

          3.     42 U.S.C. § 1985

42 U.S.C. § 1985(3) ("Section 1985(3)") creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). To state a claim under Section 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29 (1983).

To adequately allege the first element, Plaintiff must allege specific "facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). The second element requires that some racial or otherwise class-based "invidiously discriminatory animus" behind the conspirators' actions. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993).

Here, while Plaintiff alleges that Defendants conspired together (*see* Doc. 6 at 6, 7, 8), this allegation is conclusory and unsupported by specific facts. Further, Plaintiff has not alleged any facts demonstrating that the actions of Defendants were motivated by racial, or other class-based, animus. Moreover, "[w]here a Section 1985(3) claim is based on the alleged deprivation of a federal right that requires state action, the claim cannot be based on a conspiracy among private parties." *Hoffman*, 2010 WL 3463641, at *3 (citing *Scott*, 463 U.S. at 830–34). Plaintiff's claims—that Defendants deprived him of his property without due process and violated his Fourth Amendment rights—require state action to be cognizable. *See id.* (citing *Lugar*, 457 U.S. at 924 (holding due process clause "can be violated only by conduct that may be fairly characterized as 'state action' "); *Ballinger v. City of Oakland*, 24 F.4th 1287, 1300 (9th Cir. 2022), *cert. denied sub nom. Ballinger v. City of Oakland*, 142 S. Ct. 2777 (2022) ("to establish a deprivation of Fourth Amendment rights, the [plaintiffs] must allege the seizure was caused by state action."). As discussed above, Plaintiff has failed to allege that Defendants' actions are fairly attributable to the state, and, consequently, he may not pursue a Section 1985(3) conspiracy claim. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations").

    4.    <u>42 U.S.C. § 1988</u>

Plaintiff alleges a claim for relief under 42 U.S.C. § 1988 ("Section 1988"). (*See* Doc. 6 at 8–9.) Section 1988, however, does not create an independent cause of action. *See Moor v. County of Alameda,* 411 U.S. 693, 703-04 n.17 (1973). Therefore, Plaintiff's Section 1988 claim fails.

    5.    <u>State Law Claims</u>

The amended complaint also purports to assert state law claims for fraud and perjury. (Doc. 6 at 4, 7– 8.) Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law, which, for the reasons explained above, he does not. *See* 28 U.S.C. § 1367. Accordingly, the Court will not address the viability of Plaintiff's state law claims.

**B.     Leave to Amend**

The Court has screened Plaintiff's amended complaint and finds that it fails to state any cognizable claim. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with **<u>one final opportunity</u>** to cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1126–30. Plaintiff is granted leave to file a second amended complaint within thirty days. If Plaintiff chooses to amend his complaint, he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that a second amended complaint supersedes the amended complaint, *Lacey v. Maricopa Cnty.* 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading. *See* E.D. Cal. L.R. 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### IV.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint;
2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:22-cv-00251-ADA-SKO; and

3. Failure to comply with this order may result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 8, 2022**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE