1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PHILLIP SANDERS,                    Case No. 1:22-cv-00251-ADA-SKO

12            Plaintiff,                FINDINGS AND RECOMMENDATION
                                        THAT THE CASE BE DISMISSED FOR
13      v.                              FAILURE TO STATE A CLAIM

14  JD HOME RENTALS, et al.,            (Doc.11)

15            Defendants.               TWENTY-ONE DAY DEADLINE

16

17

18          On March 1, 2022, Plaintiff Phillip Sanders, proceeding *pro se* and *in forma pauperis*, filed

19  a complaint. (Docs. 1, 3). On June 8, 2022, the Court screened the complaint, found that it failed

20  to state any cognizable federal claims, and granted Plaintiff thirty days leave to file an amended

21  complaint curing the pleading deficiencies identified in the order. (Doc. 6.) On July 8, 2022,

22  Plaintiff filed an amended complaint. (Doc. 6.) The Court screened the amended complaint on

23  September 8, 2022, and once again found that Plaintiff failed to state a claim under 42 U.S.C. §

24  1983, as well as claims under 42 U.S.C. §§ 1981, 1985, and 1988. (Doc. 8.) Plaintiff was granted

25  "**one final opportunity**" to file a second amended complaint to cure, to the extent possible, the

26  identified deficiencies. (*Id.* at 2) (emphasis in original).)

27          On November 14, 2022, after an extension of time was granted (*see* Docs. 12 & 13), Plaintiff

28  filed a second amended complaint. (Doc. 11.) The Court has screened Plaintiff's second amended

1

complaint and finds that despite the explicit recitation of the deficiencies of the first amended complaint, Plaintiff has failed to demonstrate any violation of federal law.  Accordingly, the Court RECOMMENDS that Plaintiff's second amended complaint be DISMISSED without leave to amend.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S. Dep't of the*

*Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's second amended complaint names six defendants: JD Home Rentals, Bryce D. Hovannisian, Lindsay Bedrosian, Lance Armo, and Vanessa Hernandez (collectively, "Defendants"). (Doc. 11.) Plaintiff alleges that: Hovannisian and Bedrosian are the owner and vice president of operations of JD Home Rentals, respectively; Armo is the attorney for JD Home Rentals; and Hernandez is a process server. (*Id.* at 3, 4, 7.)

In describing the background of the instant action, Plaintiff alleges a "violation of his 14th amendment due process rights where [D]efendant JD [Home Rentals] abused the superior court eviction procedure resulting in a court ordered execution of a writ of possession by the sheriff to perform a[n] UNREASONABLE SEARCHES AND SEIZURES [sic] of [P]laintiff's property, thru fraud and perjury [.]" (Doc. 11 at 1.) Plaintiff's claims arise from "the use of a fabricated and fraudulent unlawful detainer complaint submitted to the court on the wrong form not approved by the judicial council prior to JD [H]ome [R]entals having deed or property title rights to be the owner or landlord to hire a[n] attorney or property management company to preform [sic] the illegal eviction reversed on appeal [.]" (*Id.*)

Plaintiff obtained the property at issue in 1986. (Doc. 11 at 7.) On March 11, 2019, Plaintiff lost the property when JD Home Rentals bought it at a tax sale. (*Id.* at 7, 9.) On March 15, 2019, one month before the deed of purchase was recorded and before JD Home Rentals "had title or deed rights," Armo, on behalf of JD Home Rentals, filed a "fraudulent fabricated unlawful detainer" complaint against Plaintiff in the Fresno County Superior Court. (*Id.* at 7.) Plaintiff alleges the

1   complaint contained false information, indicating that he had entered into an oral agreement with
2   JD Home Rentals the day before the tax sale, which Plaintiff claims never occurred.  (*Id.*)
3   Additionally, the wrong unlawful detainer complaint form was used.  (*Id.* at 4.)  The complaint was
4   verified by Bedrosian.  (*Id.* at 5.)  According to Plaintiff, Hernandez claimed to serve Plaintiff by
5   substitute service, leaving the relevant court documents with a third-party roommate, but Plaintiff
6   alleges that he had no roommates.  (*Id.* at 7.)  Plaintiff was subsequently evicted from the property
7   and "rendered homeless with no food or shelter[.]" (*Id.* at 4.)

8       Based on these events, Plaintiff asserts claims for the deprivation of his constitutional rights
9   under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, in addition to a claim
10   for "conspiracy" under 42 U.S.C. § 1985.  (Doc. 11 at 3, 9, 10.)  Plaintiff also asserts state law
11   claims for fraud and perjury.  (*Id.* at 9–10.)  Plaintiff requests $500,000 in damages per defendant.
12   (*Id.* at 10.)

13                    **III.    DISCUSSION**

14   **A.      The Second Amended Complaint Fails to State a Cognizable Federal Claim**

15               1.      <u>42 U.S.C. § 1983</u>

16       Plaintiff's second amended complaint alleges claims under 42 U.S.C. § 1983 ("Section
17   1983") for violations of his Fourth and Fourteenth Amendment rights.  (Doc. 11 at 1, 9, 10.)  As
18   set forth in the Court's Second Screening Order (Doc. 8), to state a claim under Section 1983, a
19   plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of
20   rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178,
21   1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012)
22   (discussing "under color of state law").  With regard to the first element, the Supreme Court has
23   held that a private party defendant acts "under color of" state law if the conduct qualifies as state
24   action under the Fourteenth Amendment.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 &
25   n.18 (1982).  It is the plaintiff's burden in bringing a claim under Section 1983 to allege, and
26   ultimately establish, that the named defendants were acting under color of state law when they
27   deprived him of a federal right.  *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002).

28       Here, Defendants are all private parties.  As Plaintiff was previously advised (*see* Doc. 8 at

5), courts in the Ninth Circuit have explicitly held that the filing of an unlawful detainer action, as a matter of law, does not constitute state action under Section 1983.  *See Hoffman v. Indymac Bank FSB*, No. C-10-0802 MMC, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31, 2010); *Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *4 (N.D. Cal. Apr. 25, 2012) ("an unlawful detainer suit does not constitute state action for purposes of Section 1983").  In an apparent attempt to avoid the application of this case authority, Plaintiff alleges that Defendants' conduct amounted to state action under the "public function test," the "joint action test," the "state compulsion test," and/or the "governmental nexus test."  (Doc. 11 at 2.)

The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983, if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted).  Plaintiff has the burden to establish state action under one of the foregoing tests.  *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

Here, Plaintiff alleges that Defendants met these tests when they "filed [a] writ of possession" that "caused the sheriff to perform a[n] UNREASONABLE SEARCHES AND SEIZURES [sic] of [P]laintiff's property."[1]  (Doc. 11 at 2.)  However, the fact that Defendants utilized eviction procedures made available by the state, including obtaining a writ of possession enforced by the sheriff, does not mean that they were acting under color of state law for purposes of Section 1983.  *See Vachon v. Reverse Mortg. Sols., Inc.*, No. EDCV 16-02419-DMG (KES), 2017 WL 6628103, at *10 (C.D. Cal. Aug. 11, 2017), *report and recommendation adopted*, No. 5:16-CV-02419-DMG (KES), 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017); *see also Harper v.*

---

[1] Plaintiff also pleads that Defendants were acting under color of state law by filing the unlawful detainer action "on an unauthorized judicial counsel [sic] form."  (Doc. 11 at 3.)  As set forth above, the filing of an unlawful detainer action, even if on an incorrect form, is not state action for purposes of Section 1983 claim.

*Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"). *See also Lugar*, 457 U.S. at 956 n.21 ("("[W]e do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law.").

Instead, Ninth Circuit cases discussing the legal tests cited in Plaintiff's second amended complaint indicates that "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action," and "[a]t some point, as police involvement becomes increasingly important, repossession by private individuals assumes the character of state action." *Howerton v. Gabica*, 708 F.2d 380, 382-83 (9th Cir. 1983). For example, in *Howerton*, the Ninth Circuit found joint action between a landlord, Gabica, and various police officers based on their sustained, joint efforts to evict the Howertons, Gabica's tenants. 708 F.2d 380, 385 (9th Cir. 1983). As the Court in *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989), observed, the ruling in *Howerton* was "careful[ly] . . . limit[ed]" by observing:

> This case involves more than a single incident of police consent to "stand by" in case of trouble. Police were on the scene at each step of the eviction . . . . Moreover, the police officer actively intervened—he privately approached the Howertons and recommended that they leave the trailerhouse. An unsolicited visit by a police officer is hardly passive, or "merely standing by."

*Id.* at 1154 (quoting *Howerton*, 708 F.3d at 385). The holding in *Howerton* "was therefore premised on the fact that the Gabicas 'repeatedly requested aid by the police to effect the eviction, and the police intervened at every step.'" *Id.*

Here, the only "cooperative" or "joint" action alleged between Defendants and a state actor is that the sheriff, who executed the writ of possession as a result of the unlawful detainer action, "came to [his] home ordered [him] out of the house while co Sheriff officers stood guard with guns to ensure [he] would not retaliate when the lead Sheriff searched both houses for any other occupants completed their lockout and turn possession over to JD Home Rentals employees to board up the house." (Doc 11 at 8.) A "single incident" of alleged cooperation is not sufficient to constitute state action under Section 1983. *See Gabica*, 708 F.2d at 385.

1    Because Plaintiff has not alleged any facts from which one could conclude Defendants were

2    acting under color of state law, his Section 1983 claim fails.

3              2.    <u>42 U.S.C. § 1985</u>

4        42 U.S.C. § 1985(3) ("Section 1985") creates a civil action for damages caused by two or

5    more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal

6    protection of the laws, or of equal privileges and immunities under the laws" and take or cause to

7    be taken "any act in furtherance of the object of such conspiracy."  42 U.S.C. § 1985(3).  To state

8    a claim under Section 1985, a plaintiff must allege and prove four elements: (1) a conspiracy; (2)

9    for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

10   protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in

11   furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or

12   deprived of any right or privilege of a citizen of the United States.  *United Brotherhood of*

13   *Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29 (1983).

14       To adequately allege the first element, Plaintiff must allege specific "facts to support the

15   allegation that defendants conspired together.  A mere allegation of conspiracy without factual

16   specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.

17   1988).  The second element requires that some racial or otherwise class-based "invidiously

18   discriminatory animus" behind the conspirators' actions.  *Bray v. Alexandria Women's Health*

19   *Clinic*, 506 U.S. 263, 268–69 (1993).

20       Here, while Plaintiff alleges that Defendants conspired together (*see* Doc. 11 at 3, 5, 9), this

21   allegation is conclusory and unsupported by specific facts.  Further, Plaintiff has not alleged any

22   facts demonstrating that the actions of Defendants were motivated by racial, or other class-based,

23   animus—only that he "really feel[s]" that the allegedly unlawful conduct occurred because he is

24   Black.  (*See id*. at 6.)  Finally, "[w]here a Section 1985(3) claim is based on the alleged deprivation

25   of a federal right that requires state action, the claim cannot be based on a conspiracy among private

26   parties." *Hoffman*, 2010 WL 3463641, at *3 (citing *Scott*, 463 U.S. at 830–34).  Plaintiff's claims—

27   that Defendants deprived him of his property without due process and violated his Fourth

28   Amendment rights—require state action to be cognizable.  *See id.* (citing *Lugar*, 457 U.S. at 924

1   (holding due process clause "can be violated only by conduct that may be fairly characterized as

2   'state action'"); *Ballinger v. City of Oakland*, 24 F.4th 1287, 1300 (9th Cir. 2022), *cert. denied sub*

3   *nom. Ballinger v. City of Oakland*, 142 S. Ct. 2777 (2022) ("to establish a deprivation of Fourth

4   Amendment rights, the [plaintiffs] must allege the seizure was caused by state action.").   As

5   discussed above, Plaintiff has failed to allege that Defendants' actions are fairly attributable to the

6   state, and, consequently, he may not pursue a Section 1985 conspiracy claim. *See Caldeira v. Cnty.*

7   *of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983

8   deprivation of rights precludes a section 1985 conspiracy claim predicated on the same

9   allegations").

10                    3.    State Law Claims

11          The second amended complaint also purports to assert state law claims for fraud and

12   perjury.  (Doc. 11 at 6, 9–10.)  Although the Court may exercise supplemental jurisdiction over

13   state law claims, Plaintiff must first have a cognizable claim for relief under federal law, which, for

14   the reasons explained above, he does not.  *See* 28 U.S.C. § 1367.  Accordingly, the Court will not

15   address the viability of Plaintiff's state law claims.

16                  **IV.    CONCLUSION AND RECOMMENDATION**

17          Plaintiff's second amended complaint fails to state a cognizable federal claim.   When

18   dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless

19   the district court determines that the pleading could not possibly be cured by the allegation of other

20   facts."  *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks

21   omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996).  However, once the court

22   has already granted a plaintiff leave to amend a complaint, as here, the court's discretion in

23   determining whether to allow additional opportunities to amend is particularly broad.  *Sateriale v.*

24   *R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire*

25   *Corp*., 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th

26   Cir. 2002).

27          Further amendment is not appropriate in this case.  When dismissing the prior complaint,

28   the undersigned advised Plaintiff that any amended complaint must be based upon a well-founded

                                        8

belief that a cognizable or arguable legal theory exists that would support his claims. (*See* Doc. 8.) Plaintiff has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable federal claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his second amended complaint. The granting of further leave to amend here would be futile. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's second amended complaint be dismissed without leave to amend based on Plaintiff's failure to state a cognizable claim under federal law.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within twenty-one (21) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2022**                    */s/ Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE