UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JD HOME RENTALS, et al.,<br><br>　　　　Defendants. | No.: 1:22-cv-00251-ADA-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14) |

On March 1, 2022, Plaintiff Phillip Sanders, proceeding *pro se* and *in forma pauperis*, filed this civil action. (ECF Nos. 1, 3.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2022, the assigned Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915, found that it failed to state any cognizable federal claims, and granted Plaintiff thirty (30) days leave to file an amended complaint curing the pleading deficiencies identified in the order. (ECF No. 5.) On July 8, 2022, Plaintiff filed an amended complaint. (ECF No. 6.) The Court screened the amended complaint on September 8, 2022, and once again found that Plaintiff failed to state a claim under 42 U.S.C. § 1983, as well as claims under 42 U.S.C. §§ 1981, 1985, and 1988. (ECF No. 8.) Plaintiff was granted "**one final opportunity**" to file a

///

///

1

second amended complaint to cure, to the extent possible, the identified deficiencies.  (*Id*. at 2) (emphasis in original).

On November 14, 2022, after two extensions of time were granted (*see* ECF Nos. 9, 10, 12, & 13), Plaintiff filed a second amended complaint.  (ECF No. 11.)  On November 28, 2022, the assigned Magistrate Judge screened the second amended complaint, issued findings and recommendations, and recommended that the case be dismissed, without leave to amend, for failure to state a federal claim.  (ECF No. 14.)  The assigned Magistrate Judge granted Plaintiff twenty-one (21) days from the date of service to file objections.  (*Id*. at 9.)  Plaintiff timely filed objections.  (ECF No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case, including Plaintiff's objections. Having carefully reviewed the matter, the Court finds that the findings and recommendations are supported by the record and proper analysis.

In his objections, Plaintiff asks this Court not to dismiss his claim and to instead grant him the opportunity to file a third amended complaint, which he attached to his objections.  (*See* ECF No. 15.)  Also, Plaintiff alleges that that the second screening order states that "[w]hen dismissing a complaint, the Ninth Circuit has stated that leave to amend should be granted unless the district court determines that the pleadings could not possibly be cured by allegation of other facts."  (*Id*. at 4-5.)  Plaintiff states, without further explanation, that the complaint is curable.  Plaintiff is correct in his allegations about the Ninth Circuit's determination with respect to granting a party leave to amend unless a determination is made that the pleadings could not possibly be cured. *See Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  However, as the Magistrate Judge explained, "once the court has already granted a plaintiff leave to amend a complaint, as here, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad."  (ECF No. 14 at 8) (citations omitted).

Here, the Plaintiff was given two opportunities to cure the complaint's deficiencies and was provided with explicit recitation of the complaint's deficiencies as well as the pleading requirements and legal standards.  (*See* ECF Nos. 5, 8.)  As demonstrated by these opportunities

and by his objections, Plaintiff has shown that he is unable to provide facts sufficient to constitute a cognizable federal claim and that the granting of a new opportunity to amend the complaint will not cure the defects of his second amended complaint. Thus, the granting of further leave to amend in this case will be futile. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988).

Accordingly:

1. The findings and recommendations filed November 28, 2022, (ECF No. 14) are ADOPTED in full;
2. This action is DISMISSED, without leave to amend, for failure to state a claim; and
3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   January 30, 2023

UNITED STATES DISTRICT JUDGE

3