UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>  Plaintiff,<br><br>  v.<br><br>JD HOME RENTALS, et al.,<br><br>  Defendants. | No. 1:22-cv-00251-ADA-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 18) |

This matter is before the Court on Plaintiff Phillip Sanders's ("Plaintiff") motion for reconsideration. (ECF No. 18.) Pursuant to the undersigned's standing order and Local Rule 230(g), the Court took this matter under submission to be decided on the papers on February 10, 2023. (ECF No 19.) For the reasons stated below, the Court will deny Plaintiff's motion for reconsideration.

**I.      Background**

On March 1, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action. (ECF Nos. 1, 3.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2022, the assigned Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915, found that it failed to state any cognizable federal claims, and granted Plaintiff thirty

1

(30) days leave to file a First Amended Complaint ("FAC") curing the pleading deficiencies identified in the order. (ECF No. 5.) Therein, the Court provided Plaintiff with explicit recitation of the complaint's deficiencies as well as the pleading requirements and legal standards. (*Id*.) On July 8, 2022, Plaintiff filed his FAC. (ECF No. 6.) The Court screened the FAC on September 8, 2022, and once again found that Plaintiff failed to state a claim under 42 U.S.C. § 1983, as well as claims under 42 U.S.C. §§ 1981, 1985, and 1988. (ECF No. 8.) The Court granted Plaintiff one last opportunity to file a Second Amended Complaint ("SAC") to cure, to the extent possible, the FAC's deficiencies. (*Id*.)

On November 14, 2022, after two extensions of time were granted (*see* ECF Nos. 9, 10, 12, 13), Plaintiff filed a SAC. (ECF No. 11.) On November 28, 2022, the assigned Magistrate Judge screened the SAC, issued findings and recommendations, and recommended that the case be dismissed, without leave to amend, for failure to state a federal claim. (ECF No. 14.) The assigned Magistrate Judge granted Plaintiff twenty-one days from the date of service to file objections. (*Id.* at 9.) Plaintiff timely filed objections on December 19, 2022. (ECF No. 15.)

In his objections, Plaintiff states, without further explanation, that the SAC is curable and asks the Court not to dismiss his claim and to instead grant him the opportunity to file a third amended complaint, which he attached to his objections. (*See* ECF No. 15.) On January 30, 2023, this Court adopted the findings and recommendations, dismissing this action for failure to state a claim. (ECF No. 16.) On February 9, 2023, Plaintiff filed this pending motion for reconsideration seeking relief from the dismissal of this action pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 18.)

**II.     Legal Standard**

A motion for reconsideration under Rule 59(e) "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of*

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Pursuant to Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)).  The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted).  Additionally, Local Rule 230(j) requires that a party seeking reconsideration of a court order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

**III.     Discussion**

In his motion for reconsideration, Plaintiff objects to the Court's decision to dismiss this action for failure to state a claim, recapitulating what the Court previously addressed and expressed his disagreement with the Court's decisions. Furthermore, Plaintiff alleges that the assigned Magistrate Judge lacks jurisdiction to recommend dismissal of this action. (*See* ECF No. 18.)

Plaintiff is wrong in his allegations since the case was referred to the assigned Magistrates Judge pursuant to 28 U.S.C. § 636(b)(1)(B), which expressly grants a Magistrate Judge the power to issue findings and recommendations. Rule 636(b) states, in relevant part, that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . ." 28 U.S.C. § 636(b)(1)(B). After the assigned Magistrate Judge issued the findings and recommendations, recommending dismissal of this action for failure to state a federal claim, this Court adopted those recommendations, thus making it a final order. (*See* ECF No. 14.)

Upon close review of Plaintiff's motion for reconsideration, it is unclear under what specific basis is the Plaintiff asking for relief. (*See* ECF No. 18.) The Court also finds that Plaintiff fails to meet the requirements stated above for granting a motion for reconsideration. Plaintiff does not present any newly discovered evidence, facts that show that the Court committed clear error in its ruling, or any intervening change in controlling law. *See 389 Orange St. Partners*, 179 F.3d at 665. Plaintiff has neither shown mistake, inadvertence, surprise, or excusable neglect; has not shown that newly discovered evidence, fraud, or misrepresentation emerged by an opposing party; has not shown that the judgment is void or satisfied; and has not shown any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

Instead, Plaintiff merely summarizes what was already addressed by the Court in issuing its ruling and expresses his disagreement with this Court's decision, which is not enough to grant reconsideration. *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision.). Accordingly,

since Plaintiff failed to set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision, the Court will deny Plaintiff's motion for reconsideration. *See Kern-Tulare Water Dist.*, 634 F. Supp. at 665.

### IV. Conclusion

The Court has considered Plaintiff's request, but it finds no basis to support relief from the final judgment in this action.

Accordingly:

1. Plaintiff's motion for reconsideration filed on February 9, 2023, (ECF No. 18), is DENIED; and
2. This case will remain closed.

IT IS SO ORDERED.

Dated:   June 5, 2023

UNITED STATES DISTRICT JUDGE